KENNON, Judge.
Plaintiffs, owners of a hardware company and a tractor company in the town of Arcadia, Louisiana, filed this suit to recover the amount of $106.15 allegedly due by the defendant to the tractor company, and for the additional sum of $260.16 allegedly due by the defendant to the hardware company, all for merchandise sold and delivered.
Defendant admitted the delivery of the merchandise and the correctness of the credit and debit entries, but pleaded that both debts had been extinguished by compensation. As a basis of this plea of compensation, defendant Set forth that he was employed by plaintiffs from January 26, 1948 to November 13, 1948 at a wage (which was paid as it became due) of $50.00 a week, and a bonus at the end of the firm’s fiscal year (November 1, 1948) equal to 5% of the company’s net profit. The answer set forth that this bonus amounted to $530.00, and prayed for judgment rejecting plaintiffs’ demand on the open accounts, and in favor of defendant for the portion of the bonus remaining after deducting the amount of the accounts sued on.
*489 The plaintiffs denied that defendant was entitled to the bonus claimed, and introduced evidence that defendant, on June 1, 1948, drew benefits of $60.00 a month under the veterans on-the-job training program and also testimony that defendant’s wages of $50.00 a week -and the $60.00 a month payment by the Veterans Administration totaled the maximum amount which defendant could receive from all sources as a trainee. Counsel in brief contended that, had any bonus been paid to defendant at the end of the year, the applicable law and rules of the Veterans Administration would have required that same be refunded to the government (up to the amount equal to benefits received during the year by the trainee).
The District Court rendered judgment-in favor of the plaintiffs for the amount sued for, less a credit of $183.22, which amount the Court apparently fixed as 5% of the tractor company’s net profit from the time defendant entered plaintiffs’ employment to June, 1948, when defendant was placed under the veterans training program.
Both parties asked for and were granted orders of appeal. Plaintiffs’ appeal was perfected in due course. Defendant did not perfect his appeal nor file an answer to that of the plaintiffs.
Counsel for plaintiffs has argued that, since the parties are all residents of the same parish, the plea of compensation should not be permitted under Article 375 of the Code of Practice, contending that the bonus and wages due defendant were not connected with or incident to the accounts sued upon. An examination of the two accounts sued upon shows that one contains a credit entry of $41.25 as “wages due.” The record also discloses that there was a discussion between defendant and one of the plaintiffs indicating that if a bonus did become due, same should be applied to liquidate the accounts due plaintiffs by defendant. Under these circumstances, we find that the demand in reconvention is connected with the main demand and therefore meets the requirement of this article of the Code of Practice.
The principal question of fact presented to us for review is whether or not the evidence sustains the finding of the District Court that plaintiffs agreed that defendant was to receive a bonus in addition to his weekly wages.
In January, 1948, defendant was employed as a mechanic in the shop of an automobile concern in the town of Arcadia, Louisiana. He was approached by Mr. Estess, a representative, of plaintiffs, and offered a job with plaintiffs’ tractor company. Both Estess and defendant testified that defendant was offered weekly wages of $50.00. Defendant’s testimony is that he declined to accept employment at $50.00 a .week; that Estess returned a few days later to urge him to come to work for plaintiffs and discussed at length the “bonus plan” under which defendant might receive 5% of the net profits at the end of the year; that Es-tess declined to commit plaintiffs’ firm to the bonus payment, but suggested that defendant talk to Mr. John Poland, one of the owners.
Defendant testified — and his testimony was corroborated by that of his father and uncle, who later talked to Mr. John Poland — that Mr. Poland promised the bonus of 5% in addition to the $50.00 weekly wages, warning him however that no bonus would be due unless he was still working for the company on November 1st when the firm’s fiscal year ended. In support of his claim that the bonus was offered in addition to his wages, defendant offered as witnesses three residents of the community with whom he 'had discussed the proposed change of employment. The Court correctly sustained an objection to the proof of these conversations, which took place out of the presence of plaintiffs.
The testimony of witnesses for plaintiffs- and defendant agree that the firm’s bonus plan was explained :to the defendant at the time he was solicited by Mr. Estess to leave his employment .with the motor company and begin work for plaintiffs’ tractor company. Plaintiffs and their representative, who discussed employment with the defendant, testified that no definite commitment to pay a bonus was made. Defendant testified that Mr. Poland made a definite commitment to him to pay the bonus. His father *490 an'd uncle, who were customers of plaintiffs, testified that while they were trading in the Poland hardware store, Mr. John Poland solicited their patronage of the tractor company, mentioning that defendant was working there and would render 'better mechanical service than his predecessor. They testified that at-the same time there was discussion by Mr. Poland of his tractor company’s custom of paying a bonus to its employees, which included a statement by Mr. Poland that the defendant would share in this bonus.
While the testimony is conflicting and it is likely that both parties are sincere in that plaintiffs consider their statements to defendant were short of a specific promise to "pay the bonus, and the prospective' employee felt that a definite commitment was made, there is ample support for the District Court’s finding that the conversation and actions of plaintiffs and their representative constituted a promise that defendant, should he go to work for the Poland Truck & Tractor Company, would receive, at the end of the fiscal year, a cash bonus equal to 5% of the company’s net profits.
The" District Court allowed the bonus from the time defendant began work to the date he began to receive /monthly payments from the Veterans Administration. Counsel for defense has argued in brief that the bonus should be allowed for the full period of employment, but since no appeal was perfected by the defendant, or answer filed to the appeal taken by plaintiffs, this issue is not presented to this Court for decision.
The judgment appealed from is affirmed, with costs.